UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03183

REFUGIO RAMIREZ OVANDO, CAROLINE DIAS GONCALVES, J.S.T., and G.R.R., and all those similarly situated,

      Plaintiffs,

  v.

KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; TODD M. LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, and ROBERT GUADIAN in his official capacity as Director of the Denver Field Office of the U.S. Immigration and Customs Enforcement,

      Defendants.

## PROPOSED ORDER REGARDING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

THIS MATTER comes before the Court on Plaintiffs' Motion for Preliminary Injunction. The Court, having reviewed the Motion and Record, hereby GRANTS the Motion and orders as follows:

1. All agents or officers acting under the authority or direction of the Department of Homeland Security (DHS), including any Immigration and Customs Enforcement (ICE) agent (collectively, "immigration officer" or "officer"), are enjoined from effecting warrantless arrests in this District unless, pre-arrest, the arresting officer has probable cause to believe that the individual is in the United States in violation of United States immigration laws and probable cause that the person being arrested is likely to

escape before a warrant for arrest can be obtained, as required by 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8.

2.  Any immigration officer who conducts a warrantless arrest in this District, including those originating from vehicle stops, shall comply with the following:

(a)  In considering the likelihood of a person's escape before a warrant can be obtained for their arrest, an immigration officer must consider the totality of the circumstances known to the officer before making the arrest. These include circumstances the officer discovers between stopping a person and arresting them without a warrant. Factors relevant to the determination should include the following: the officer's ability to determine the person's identity; attempted flight from the officer; knowledge of the person's prior escapes or evasions of immigration authorities or, on the other hand, prior court attendance or other compliance with authorities; ties to the community (including family circumstances, residence, or employment); and other specific circumstances that weigh in favor of or against a reasonable belief that the person is likely to abscond. The particular circumstances before an officer are not to be viewed singly; they must be considered as a whole.

(b)  Mere presence within the United States in violation of United States immigration law is not, by itself, sufficient to conclude that a person is likely to escape before a warrant for arrest can be obtained.

(c)  When conducting enforcement actions, officers shall, at the time of arrest, identify themselves as immigration officers authorized to execute arrests.

3. As soon as practicable after a warrantless arrest, the arresting officer shall document in writing the facts and circumstances surrounding that arrest in the narrative section of the detainee's Form I-213. This documentation must include: (1) that the person was arrested without a warrant, (2) the location of the arrest and whether this location was a place of business, residence, vehicle, or public area, (3) whether the person is an employee of the business, if arrested at a place of business, or whether the person is a resident of the residence, if arrested at a residential location, (4) the person's ties to the community, if known at the time of the arrest, including family, home, or employment, (5) the specific, articulable facts supporting the conclusion that the person was present in violation of United States immigration law, (6) the specific, particularized facts supporting the conclusion that the person was likely to escape before a warrant could be obtained, and, (7) a statement describing how, at the time of the arrest, the officer identified themselves as an immigration officer who is authorized to execute an arrest and informed the person of the arrest and the reason for the arrest. Information learned post-arrest relevant to a custody determination should be documented separately from the information relevant to the likelihood of escape known at the time of the warrantless arrest.

4. Within sixty (60) days and every sixty (60) days thereafter until this litigation is terminated or the Court rules otherwise, Defendants SHALL release to Plaintiffs' counsel the documentation describing the immigration officers' warrantless arrests within this District, or if requested by Plaintiffs' counsel concerning specific individual warrantless arrests, no later than seven days after the request.

5. Defendants shall ensure that all officers authorized to execute immigration arrests in this District are trained on the requirements of this Order.

6. Within ninety (90) days of this Order, and every thirty (30) days thereafter until all immigration officers who are charged with making warrantless arrests in this District have been so trained, Defendants SHALL serve to Plaintiffs' counsel documentation showing that they are completing training of immigration officers who have performed, or will perform, operations in this District, on the requirements articulated above.

7. Pursuant to Rule 23(a) and Rule 23(b)(2), the Court appoints the Plaintiffs as Class Representatives, appoints Plaintiffs' counsel as Class Counsel, and provisionally certifies the following class:

> All persons since January 20, 2025, who have been arrested or will be arrested in this District by immigration officers without a warrant and without a pre-arrest, individualized assessment of probable cause that the person poses a flight risk.

8. The Court will not require Plaintiffs to post a bond.

SO ORDERED this __ day of _____, 2025.

By the Court:

_____