**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-03183-RBJ

REFUGIO RAMIREZ OVANDO,
CAROLINE DIAS GONCALVES,
J.S.T., and
G.R.R.,

Plaintiffs,

v.

KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security,
TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, and
ROBERT GUADIAN, in his official capacity as Director of the Denver Field Office of U.S. Immigration and Customs Enforcement,

Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

Pursuant to Federal Rule of Civil Procedure 26(c), and upon a showing of good cause in support of the entry of a Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials and/or information, including, without limitation, documents produced, including electronic discovery, video materials, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed in this litigation, including documents, materials, and/or information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. The ordinary noun "document" is defined to include the documents and information identified in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. Notwithstanding any other term of this Protective Order, if the parties or any third party produces a document or information in this civil action that would otherwise be protected by the Privacy Act of 1974, 5 U.S.C. § 552a, or the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104 191, 110 Stat. 1936 (1996), this Protective Order is an order of the Court which allows for such disclosure.

4. Information designated "CONFIDENTIAL" shall be information that is confidential and which may be protected by statute, regulation, court order, or other authority, including but not limited to the identities of Plaintiffs J.S.T. and G.R.R., private personnel information of agency employees, and personal information about Plaintiffs and/or third parties that has been disclosed to the Department of Homeland Security and its subagencies in connection with immigration petitions, applications, proceedings, and enforcement, and/or other sensitive information. CONFIDENTIAL information may also encompass information, or other information protected by the Privacy Act. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. CONFIDENTIAL documents, materials, and/or information (collectively, "CONFIDENTIAL information") shall not, without the consent of the designating party or

2

further Order of the Court, be disclosed except that such information may be disclosed to:

a. attorneys actively working on this case and persons regularly employed or associated with said attorneys whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

b. the parties, including their designated representatives and counsel;

c. expert witnesses and consultants retained in connection with this proceeding to whom disclosure is reasonably necessary for this litigation;

d. the Court and its employees ("Court Personnel");

e. stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

f. certified translators who are engaged in proceedings necessarily incident to the conduct of this action;

g. deponents, witnesses, or potential witnesses; and

h. the Colorado Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law, including, but not limited to, Colo. Rev. Stat. § 10-1-128(5)(a) and Colo. Ins. Reg. 6-5-1;

i. anyone as otherwise required by law; and

j. other persons by prior written agreement of the parties.

6.      Prior to disclosing any information designated as CONFIDENTIAL to any person identified in sub-paragraph 5(c) (expert witnesses and consultants) or sub-paragraph 5(g) (deponents, witnesses, or potential witnesses), counsel shall provide each such person with a copy of this Protective Order and obtain from such person a written acknowledgment (Exhibit A) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "CONFIDENTIAL." If the nature of a document prevents it being marked as CONFIDENTIAL (e.g., electronic files), then a party or third party may designate the document as confidential by so designating it in a letter to the parties to whom the document is provided. The Parties understand and agree that the identities of Plaintiffs J.S.T. and G.R.R. shall be treated as CONFIDENTIAL information, notwithstanding the above designation obligations.

8.      Any party who inadvertently fails to mark information as CONFIDENTIAL at the time of its production shall provide written notice of the error and substitute copies of the inadvertently produced documents bearing appropriate confidentiality designations. Any party receiving such substituted documents shall return to the producing party, or destroy, all inadvertently produced confidential documents in its possession that lack the appropriate confidentiality designation and shall make

4

reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation. Any inadvertent disclosure or production of information that is protected by any privilege, including the attorney-client, work product, deliberative process and/or law-enforcement privileges, shall not constitute a waiver of any available protection or privilege by the party who made the inadvertent disclosure or production.

9.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate depositions, or portions thereof, as CONFIDENTIAL information after transcription, provided written notice is given within thirty (30) days after notice by the court reporter of the completion of the transcript. All testimony shall be treated as CONFIDENTIAL information until the thirty-day period has expired.

10.     The parties will cooperate in good faith to resolve any disputes regarding whether information is properly designated as CONFIDENTIAL pursuant to this Protective Order. A party may object to the designation of CONFIDENTIAL information by giving written notice to the counsel for the party designating the disputed information. The written notice shall identify the information to which the objection is made. The parties must confer in good faith in accordance with D.C.COLO.LCivR 7.1(a). If, in advance of the preliminary injunction hearing, the parties cannot resolve a dispute regarding whether information is properly designated as CONFIDENTIAL within one

business day after the time a notice is received, the parties shall jointly contact Chambers and set a telephone hearing pursuant to Judge Jackson's practice standards. After the preliminary injunction hearing, if the parties cannot resolve a dispute regarding whether information is properly designated as CONFIDENTIAL within ten business days after the time the notice is received, the parties shall jointly contact Chambers and set a telephone hearing pursuant to Judge Jackson's practice standards. If this procedure is timely pursued, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court issues a ruling on the dispute. If this procedure is not timely pursued, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. The party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11.     Unless other arrangements are agreed upon in writing by the parties, within 45 days of the conclusion of this litigation, including any appeals, all copies of the CONFIDENTIAL information, shall either be returned to the producing party or destroyed, except with respect to: (a) material that becomes a part of the public Court record in this matter or any appeals; (b) work product of counsel; and (c) transcripts, exhibits, and other documents required to be maintained by the Department of Justice's record retention policies. If the parties agree to destroy the CONFIDENTIAL information, the destroying party shall provide the producing party with a certification or affidavit confirming the destruction.

12.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL information received from the opposing party pursuant to this Protective Order. However, the Court will not retain jurisdiction over a matter once the case is closed.

13.     If the disputed CONFIDENTIAL information is attached as an exhibit to a motion, the movant shall comply with the requirements for filing a restricted document provided in D.C.COLO.LCivR 7.2, and must retain the mark "CONFIDENTIAL." The party seeking to restrict a document filed with the court bears the burden of establishing that the document should be restricted.

14.     This Order is without prejudice to the right of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

15.     This Protective Order may be modified by the court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this _21_ day of _October_, 2025.

BY THE COURT:

_____

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-03183-RBJ

REFUGIO RAMIREZ OVANDO,
CAROLINE DIAS GONCALVES,
J.S.T., and
G.R.R.,

Plaintiffs,

v.

KRISTI NOEM, in her official capacity as Secretary of the U.S.
Department of Homeland Security,
TODD LYONS, in his official capacity as Acting Director of U.S.
Immigration and Customs Enforcement, and
ROBERT GUADIAN, in his official capacity as Director of the Denver
Field Office of U.S. Immigration and Customs Enforcement,

Defendants.

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [*print or type full name*], of

_____ [*print or type full*

*address*], have read and understand the Stipulated Protective Order that was issued by

the United States District Court for the District of Colorado, in the case of *Ramirez Ovando*

*v. Noem et al.*, Civil Action No. 25-cv-03183-RBJ.  I agree to comply with and to be bound

by all the terms of this Stipulated Protective Order.  In compliance with this Order, I will

not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of

1

this Order. I also understand that I must maintain the confidentiality of CONFIDENTIAL information pursuant to this Protective Order after the termination of this action.

.

Signed this ____ day of _____, 20___, at _____ [*insert city and state where sworn and signed*].

Signature:_____

2