IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03183-RBJ

REFUGIO RAMIREZ OVANDO,
CAROLINE DIAS GONCALVES,
J.S.T., and
G.R.R.,

    Plaintiffs,

v.

KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security,
TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, and
ROBERT G. HAGAN,[1] in his official capacity as Director of the Denver Field Office of U.S. Immigration and Customs Enforcement,

    Defendants.

## DEFENDANTS' PARTIALLY UNOPPOSED MOTION TO RESTRICT REMOTE ELECTRONIC ACCESS

Defendants move under Fed. R. Civ. P. 5.2(c) to restrict remote electronic access to the case file in this case. In the alternative, Defendants move under Fed. R. Civ. P. 5.2(e)(2) for a protective order specifically restricting remote public access to the declaration of Gregory Davies, ECF No. 35, which Defendants filed with their response to Plaintiffs' motion for a preliminary injunction. Undersigned counsel conferred about

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Robert G. Hagan has automatically been substituted as a party in his official capacity as Director of the Denver Field Office, U.S. Immigration & Customs Enforcement.

1

the relief requested in this motion with counsel for Plaintiffs, who indicated that Plaintiffs oppose restricting remote electronic access to the full case file under Rule 5.2(c), but do not oppose the entry of a protective order under Rule 5.2(e)(2) restricting remote electronic access to Mr. Davies's declaration.

Good cause exists to grant the requested relief. Rule 5.2(c) provides that "[u]nless the Court orders otherwise," remote electronic access to the case file in a case "relating to . . . immigration benefits or detention" is generally restricted to "the docket maintained by the court" and the "opinion[s], order[s], judgment[s], or other disposition[s] of the court." *Id.* The Advisory Committee's note to the rule explains that "immigration cases . . . . are entitled to special treatment" as to remote electronic access "due to the prevalence of sensitive information and the volume of filings." Fed. R. Civ. P. 5.2(c) 2007 advisory committee's note. The rule contemplates, however, that the public maintains the ability to "have electronic access to the full record at the courthouse." Fed. R. Civ. P. 5.2(c)(2).

Restricting remote electronic access to the full case file in this case is warranted under Rule 5.2(c). The case plainly "relate[s] to" immigration detention because this case involves arrests, and detention typically begins with an arrest. Indeed, the Court heard substantial testimony about the detention that followed arrests during last week's hearing on Plaintiffs' motion for a preliminary injunction. Also, litigating the case will involve many documents that may be filed and that contain sensitive personal information. For example, the Form I-213s that are generated after an arrest include alien registration numbers, fingerprints, addresses, and information about the arrestee's

2

family members. This is the kind of sensitive information that the rule contemplates restricting from remote electronic access. Accordingly, the Court should restrict remote electronic access to the case file in this case under Rule 5.2(c). As noted above, Plaintiffs oppose this request.

In the alternative, the Court should enter a protective order under Rule 5.2(e)(2) restricting remote electronic access to the declaration of Gregory Davies, ECF No. 35. Mr. Davies's declaration includes as attachments four Form I-213s (one for each named Plaintiff), and also discusses the details of the named Plaintiffs' arrests. *See generally id.* Pursuant to Local Rule 7.2, and after consulting with Plaintiffs' counsel, Defendants filed Mr. Davies's declaration under Level 1 restriction. To maintain a Level 1 restriction, however, Local Rule 7.2(c)(4) requires that no alternative restriction is practicable under the circumstances. Defendants believe that a protective order under Fed. R. Civ. P. 7.2(e)(2) restricting remote electronic access to the declaration provides a practicable alternative restriction because it will prevent ready dissemination of the sensitive information contained in Mr. Davies's declaration and its attachments. As noted above, Plaintiffs do not oppose this alternative request.

Accordingly, Defendants respectfully request that the Court enter an order that restricts remote electronic access to the case file in this case pursuant to Fed. R. Civ. P. 5.2(c); or, in the alternative, that the Court enter a protective order under Fed. R. Civ. P. 5.2(e)(2) restricting remote electronic access to Mr. Davies's declaration, ECF No. 35.

| | |
|---|---|
| Dated: November 6, 2025 | PETER MCNEILLY<br>United States Attorney<br><br>*s/ Brad Leneis*<br>Brad Leneis<br>Logan Brown<br>Nick Deuschle<br>Assistant United States Attorneys<br>1801 California Street, Suite 1600<br>Denver, Colorado 80202<br>Telephone: 303-454-0100<br>Fax: 303-454-0411<br>brad.leneis2@usdoj.gov<br>logan.brown@usdoj.gov<br>nick.deuschle@usdoj.gov<br><br>Attorneys for Defendants |

## CERTIFICATE OF SERVICE

      I certify that on November 6, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will cause notice to be delivered electronically to all counsel of record.

                                          *s/ Brad Leneis*
                                          Brad Leneis
                                          Assistant U.S. Attorney