

**U.S. DEPARTMENT OF JUSTICE**

**Peter McNeilly**
*United States Attorney*
*District of Colorado*

---

*Brad Leneis, Logan Brown, & Nick Deuschle*    1801 California Street, Suite 1600    *(303) 454-0100*
*Assistant United States Attorneys*    Denver, Colorado  80202

January 13, 2026

<u>Via CM/ECF</u>

Hon. R. Brooke Jackson
Senior United States District Judge
Byron G. Rogers United States Courthouse, C252
1961 Stout St.
Denver, Colorado  80294

      Re: *Ramirez Ovando, et al. v. Noem, et al.*, No. 25-cv-03183-RBJ (D. Colo.)
         Defendants' Notice of Intent to File Motion to Dismiss

Dear Judge Jackson:

      Pursuant to this Court's Practice Standards on filing a motion to dismiss, Defendants Kristi Noem, Todd Lyons, and Robert G. Hagan submit this letter to notify the Court and Plaintiffs of Defendants' intent to file a motion to dismiss.[1]  Defendants request 21 days from the Court's order regarding this letter to file their motion to dismiss.

      The four named plaintiffs in this class action seek to challenge an alleged policy, pattern, or practice of immigration officers making warrantless arrests in Colorado without "reason to believe that the alien so arrested . . . is likely to escape before a warrant can be obtained for his arrest," as required by 8 U.S.C. § 1357(a)(2).  They allege that Colorado has "169,000 undocumented immigrants" and that, in Colorado in the first half of 2025, Immigration and Customs Enforcement (ICE) arrested almost 2,000 people.  ECF No. 1 ¶¶ 7, 14.  They claim that some of those arrests were warrantless and that ICE officers are—at least sometimes—making warrantless arrests, including their own, without reason to believe the arrestee is a flight risk.  *Id.* ¶¶ 3-7.

      Based on those allegations, Plaintiffs raise two claims for relief, both based on the Administrative Procedure Act (APA).  Plaintiffs' first claim is an APA claim based on agency action allegedly in violation of § 1357(a)(2).  *See id.* ¶¶ 197-203.  Plaintiffs' second claim is an identical APA claim but based on an alleged violation of 8 C.F.R. § 287.8(c)(2)(ii).  *See id.* ¶¶ 204-10.  Each APA claim asserts that Defendants have a "policy, pattern, and/or practice of making warrantless arrests" in violation of law and that this policy, pattern or practice amounts to "final agency action" under 5 U.S.C. § 704.  *See id.* ¶¶ 202, 209.  Plaintiffs' prayer for relief seeks, among other things, a declaratory judgment that Defendants violated § 1357(a)(2) and a permanent injunction enjoining future violations of § 1357(a)(2).  *See id.* at 47.

---

[1] Pursuant to the Court's Practice Standards, Defendants' counsel conferred with Plaintiffs' counsel regarding their intent to file a motion to dismiss via teleconferencing on January 9, 2026.

Defendants intend to file a motion to dismiss on two grounds, respectively under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

*First*, all of the named Plaintiffs lack standing to bring their APA claims under the Supreme Court's decision in *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). Absent a plaintiff with standing, the court lacks jurisdiction to decide the case. *See The Wilderness Soc'y v. Kane Cnty*, 632 F.3d 1162, 1168 (10th Cir. 2011).

In *Lyons*, police officers stopped the plaintiff for a traffic violation, seized him, and placed him in a chokehold. 461 U.S. at 97. The plaintiff sought prospective injunctive relief barring use of the chokeholds. *See id.* at 98. The Supreme Court held that, while the plaintiff could pursue a claim for retrospective relief to address his injury (*e.g.*, damages), he lacked standing to seek prospective relief because he had not shown that "he was likely to suffer *future* injury from the use of . . . chokeholds by police officers." *Id.* at 105 (emphasis added). Because the plaintiff had shown no "immediate threat" that he would again be "choke[d] . . . without any provocation or resistance on his part," he "failed to demonstrate a case or controversy . . . that would justify the equitable relief sought." *Id.*

Here, Plaintiffs seek prospective relief to enjoin ICE's alleged "policy, pattern, and/or practice" of warrantless arrests, but they have not plausibly shown that they themselves are likely to suffer a future unlawful warrantless arrest. A number of facts demonstrate that Plaintiffs' future warrantless arrests are unlikely: (1) the likelihood of an immigration arrest of any particular alien in Colorado is extremely low; only approximately 1% of aliens in Colorado were arrested in the first half of 2025, *see* ECF No. 1 ¶¶ 7, 14; (2) Plaintiffs have not alleged a greater likelihood of future arrest for themselves than any other alien in Colorado; (3) they have also not alleged that they had been stopped before or after their warrantless arrests; (4) ICE now has warrants for Plaintiffs, so any *future* arrest would not be warrantless, *see* ECF No. 34-1, ¶¶ 12, 17-20;[2] (5) Ms. Dias lives outside of Colorado, making her unlikely to face another arrest in Colorado, *see* ECF No. 1 ¶ 21; (6) Mr. Ramirez states that he is a lawful permanent resident, which would allow him to show his lawful status and avoid arrest under § 1357(a)(2), *see* ECF No. 13-3 ¶ 33, and (7) at the time the complaint was filed, three of the named plaintiffs—Ms. Dias, G.R.R., and J.S.T.—were subject to ankle monitoring, and ICE is unlikely to warrantlessly arrest someone with an ankle monitor since they are not a flight risk, *see* ECF No. 13-4 ¶¶ 1, 37, ECF No. 13-5 ¶ 22, ECF No. 13-6 ¶ 33; PI Hr'g Tr. 288:23-289:4. In short, under *Lyons*, Plaintiffs lack standing to obtain their requested prospective injunctive relief because they are not likely to suffer the injury at issue—an unlawful warrantless arrest—again in the future.

*Second*, Plaintiffs have not plausibly alleged a "final agency action." Section 704 of the APA only permits judicial review of "final agency action." 5 U.S.C. § 704. The Supreme Court has articulated "two conditions that generally must be satisfied for agency action to be 'final' under the APA." *U.S. Army Corps of Engineers v. Hawkes Co.*, 578 U.S. 590, 597 (2016) (citing *Bennett v. Spear*, 520 U.S. 154 (1997)). "First, the action must mark the consummation of the agency's decisionmaking process." *Id.* (quoting *Bennett*, 520 U.S. at 177). "[S]econd, the action

---

[2] To be clear, Defendants will not argue these arrest warrants "cured" *past* warrantless arrests.

must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Id.* (quoting *Bennett*, 520 U.S. at 177-78).

Here, Plaintiffs' APA claims do not challenge a "final" agency action. They have not challenged an agency action that reflects the consummation of an agency decisionmaking process. Rather than challenging a written policy that binds federal employees, Plaintiffs assert that ICE's conduct in a handful arrests shows an agency pattern and practice of not complying with § 1357(a)(2). Courts regularly reject such APA claims. *See, e.g.*, *Coal. to Protect Puget Sound Habitat v. U.S. Army Corps of Eng'rs*, No. 21-cv-1685-JCC-DWC, 2022 WL 18674583, at *2-3 (W.D. Wash. Dec. 6, 2022) (over 400 alleged permits issued for shellfish aquaculture operations did not establish an agency action subject to APA challenge); *Bark v. U.S. Forest Serv.*, 37 F. Supp. 3d 41, 50 (D.D.C. 2014) (five instances of agency permitting concessioners to improperly charge use fees insufficient to establish the claimed policy). Plaintiffs also have not challenged actual agency directives issued by ICE that determine "rights or obligations" or that are the source "from which legal consequences will flow." *Bennett*, 520 U.S. at 177-78 (quotations omitted). Rather than challenge those actual ICE directives (which direct ICE officers to comply with § 1357(a)(2) when making warrantless arrests), they point to an alleged pattern and practice of violating that provision. In doing so, Plaintiffs have not plausibly alleged that ICE has made a decision that will assuredly affect the class members if ICE encounters them—*i.e.*, that ICE has required that all warrantless arrests in Colorado be made without assessing the statutory factors. Therefore, Plaintiffs fail to state a plausible APA claim.

\*\*\*

Defendants acknowledge that this Court has partially addressed these issues in its order on Plaintiffs' Motion for Preliminary Injunction. *See* ECF No. 49. Defendants, nonetheless, intend to file a motion to dismiss for several reasons. For one, Plaintiffs' standing is a jurisdictional issue, and their lack of standing is an ongoing issue depriving this Court of jurisdiction to decide this case. The Court's ruling on standing also relies on a case, *County of Riverside v. McGlaughlin*, 500 U.S. 44 (1991), that was first raised by Plaintiffs in their closing argument. In their motion to dismiss, Defendants will argue that *McGlaughlin* is inapposite and does not cure the standing problem here. For another, the posture of the Court's ruling on the APA claim is not definitive; and Defendants will argue that the Court's reliance on the district court decision in *Nava v. DHS*, 435 F. Supp. 3d 880 (N.D. Ill. 2020), is misplaced because that court incorrectly rooted its decision about "final" agency action in challenges to past arrests. Given the seriousness of Plaintiffs' allegations and the breadth of the state-wide relief requested, Defendants believe that a motion to dismiss focused on the issues highlighted above is warranted. For these reasons, Defendants intend to file a motion to dismiss.

Respectfully,

Nicholas A. Deuschle
Brad Leneis
Logan Brown
Assistant United States Attorneys
U.S. Attorney's Office | District of Colorado
Attorneys for Defendants

3

**CERTIFICATE OF SERVICE**

      I certify that, January 13, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will cause notice to be delivered electronically to all counsel of record.

                                                s/ Nicholas Deuschle
                                                *Nicholas Deuschle*
                                                Assistant U.S. Attorney