

January 20, 2026

<u>Via CM/ECF</u>

Hon. R. Brooke Jackson
Sr. United States District Judge
District of Colorado
Byron G. Rogers United States Courthouse, C252
1961 Stout St.
Denver, CO 80294

      Re: *Ramirez Ovando v. Noem*, No. 25-cv-03183-RBJ
      Response to Defendants' Notice of Intent to File Motion to Dismiss

Dear Judge Jackson:

      Plaintiffs submit this response to Defendants' letter notifying the Court of their intent to file a motion to dismiss. Because Defendants intend merely to dispute factual and legal conclusions that this Court has already carefully reached, Plaintiffs respectfully submit that the motion is unnecessary.

      This Court has already rejected both of the arguments – purported lack of standing and alleged lack of "final agency action" – that Defendants intend to raise in their motion. As this Court has already held that these arguments have no merit, the Court should decline to consider the arguments again. *See* ECF 49, pp. 27-30 (rejecting arguments regarding Plaintiffs' standing), and pp. 48-52 (rejecting arguments regarding "final agency action").

      This Court already has rejected the argument that it lacks jurisdiction because no Plaintiff has standing to pursue this case. This Court explained that "[t]his case is not *Lyons*," where the plaintiff had only suffered a past injury. ECF 49, p. 28 (discussing *City of Los Angeles, Calif. v. Lyons*, 461 U.S. 95 (1983)). Here, this Court correctly found that "plaintiffs' injuries are not past – they are present." ECF 49, p. 29. Relying on *County of Riverside, Calif. v. McGlaughlin*, 500 U.S. 44 (1991),[1] this Court found the Plaintiffs "were

---

[1] Though Defendants apparently intend to argue in their proposed motion that *Riverside* is "inapposite" (ECF 53, p. 3), they do not suggest *how* or *why* that case is not controlling.

303 E. 17th Avenue, Suite 350 • Denver, CO 80203 • 720-402-3151 • FAX 303-777-1773 • smedlock@aclu-co.org

suffering a direct and current injury as a result of their unlawful detention, fairly traceable to the actions of defendants, and redressable by the court." ECF 49, p. 29 (citing *Riverside*, 500 U.S. at 51). Indeed, this Court has already specifically rejected many of the arguments Defendants raise in their letter – such as that ICE now has warrants for the Plaintiffs. *See* ECF 49, p. 28 ("*post hoc* warrants ha[ve] no legal effect"). Moreover, Plaintiffs remain at risk of recurring unlawful enforcement practices. *See Riggs v. City of Albuquerque, N.M.*, 916 F.2d 582, 586 (10th Cir. 1990) (distinguishing *Lyons*, concluding the plaintiffs have standing due to ongoing police surveillance); *Lyall v. City of Denver, Colo.*, 16-cv-2155, 2018 WL 1470197, *17 (D. Colo. Mar. 26, 2018) (finding putative class of unhoused people had standing to seek an injunction against police action). Other courts considering near-identical cases challenging ICE's warrantless arrest policy and practice have likewise concluded that similarly-situated plaintiffs have standing to challenge ICE's illegal actions. *See Escobar Molina v. U.S. Dep't of Homeland Sec.*, --- F.Supp.3d ----, 2025 WL 3465518, **15-18 (D. D.C. Dec. 2, 2025) (declining to apply *Lyons* where ICE's warrantless arrest actions constitute a "policy [which makes it] significantly more likely that the injury will occur again" and because plaintiffs "cannot avoid repeating the quotidian conduct that led to their original arrests"); *United Farm Workers v. Noem*, 785 F.Supp.3d 672, 710 (E.D. Cal. Apr. 29, 2025) (declining to apply *Lyons* in face of ICE's warrantless arrest policy, practice, or custom).

Likewise, this Court already has found that Plaintiffs are likely to succeed in proving that Defendants' activities constitute a "final agency action" under the Administrative Procedure Act. ECF 49, pp. 48-49 (collecting cases). Other courts considering ICE's warrantless arrest policy and practice have reached the same conclusion. *See Escobar Molina*, 2025 WL 3465518, at **22-23; *United Farm Workers*, 785 F.Supp.3d at 723 & 735; *Castañon Nava v. Dep't Homeland Sec.*, 435 F.Supp.3d 880, 903 (N.D. Ill. 2020).[2] Moreover, the complaint also alleges the existence of "final agency action" (ECF 1, ¶ 202), along with ample citations to statements of top Trump Administration officials ratifying the existence of the challenged policy, and these allegations are presumed true for the purpose of a motion to dismiss. *See, e.g., EEOC v. 'Murica, LLC*, 694 F.Supp.3d 1356, 1361 (D. Colo. 2023) (citing *Pueblo of Jemez v. U.S.*, 790 F.3d 1143, 1148 n. 4 (10th Cir. 2015)). Particularly because "[a Rule 12(b)(6)] motion to dismiss for failure to state a claim is viewed with disfavor, and is rarely granted," the Court should decline to re-consider

---

Because the letter identifies no basis for disagreement with the Court's governing analysis, it offers no reason to devote the additional judicial and party resources that the filing of the proffered motion would require.

[2] That *Castañon Nava* relied on "past arrests" (ECF 53, p. 3) does not obviate the existence of "final agency action." The *Castañon Nava* court found that "ICE officers acted in a discrete, specific manner when they conducted warrantless arrests of the Individual Plaintiffs and others similarly situated," and that "[t]hese allegations sufficiently plead discrete agency actions." 435 F.Supp.3d at 902. *See also id.* at 903-904 (collecting cases).

these issues on a motion to dismiss here. *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004) (citing *Lone Star Indus., Inc. v. Horman Family Trust*, 960 F.2d 917, 920 (10th Cir. 1992)). And, of course, Plaintiffs have also brought a claim that ICE agents are acting *ultra vires* by making arrests not authorized by statute. *See* ECF 1, ¶ 202; ECF 40, p. 4. This Court has inherent equitable authority to enjoin violations of federal law when federal officers act without statutory authority. *See, e.g.*, *United Farm Workers*, 785 F.Supp.3d at 731-42. This *ultra vires* action claim does not rely on the existence of "final agency action" under the APA.

Notably, rather than move to dismiss in *Escobar Molina*, the District of D.C. case challenging ICE's implementation in Washington, D.C. of the same practice and policy at issue here, Defendants filed an answer eleven days ago. *Escobar Molina v. Dep't of Homeland Sec.*, No. 25-3417, ECF 71 (D. D.C., filed Jan. 9, 2026). Defendants offer no explanation why a motion to dismiss is necessary here, on matters the Court already has decided, when an answer was appropriate in the D.C. case presenting identical issues.

Here, where the Court has already addressed – and rejected – the same arguments that Defendants want to make in their motion to dismiss, the Court should decline to entertain such a motion. In this case, a motion to dismiss would merely delay the proceedings, waste judicial resources, delay discovery, and distract from ensuring that Defendants comply with the law and this Court's injunction.[3]

Sincerely,

Scott Medlock
Senior Staff Attorney, ACLU of Colorado

---

[3] On January 12, 2026, Plaintiffs received the first production of I-213 documents that the Court ordered Defendants to provide in the preliminary injunction order so that Plaintiffs could monitor compliance. ECF 49, p. 63. Many of these documents appear to show additional warrantless arrests after the Court's injunction where ICE continues to violate the statute and failed to conduct any flight risk analysis and/or to document any flight risk analysis in the I-213 – both in apparent violation of this Court's injunction. Plaintiffs have requested additional information from Defendants regarding these documents to evaluate compliance with the Court's order.