# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03183-RBJ

REFUGIO RAMIREZ OVANDO, CAROLINE DIAS GONCALVES, J.S.T., and G.R.R., and all those similarly situated, and the EAST COLFAX COMMUNITY COLLECTIVE,

    Plaintiffs,

v.

KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, TODD M. LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, and ROBERT HAGAN, in his official capacity as Director of the Denver Field Office of the U.S. Immigration and Customs Enforcement,

    Defendants.

## PLAINTIFFS' PROPOSED AGENDA
## FOR 2/18/26 STATUS CONFERENCE

Pursuant to the Court's February 12, 2026, Order (ECF No. 62), Plaintiffs respectfully submit this proposed agenda for the status conference set for February 18, 2026, to discuss two time-sensitive topics: (1) Defendants' non-compliance with the Court's Order, and (2) the schedule for the case.

**1. Defendants' Noncompliance with the Court's Order**

Defendants have continued their policy and practice of effecting unlawful warrantless arrests in Colorado since entry of the Court's November 25, 2025, preliminary injunction (ECF No. 49) ("PI"), in violation of federal law and the terms of this Court's order. This non-compliance is reflected in the Form I-213 arrest reports that Defendants were ordered to produce to Plaintiffs' class counsel under this Court's PI. Following entry of the PI, Defendants agreed to provide Plaintiffs' counsel with 1/3 of the I-213s from

warrantless immigration arrests in Colorado on the 10th day of each month (for the arrests from the prior month). Exhibit A to this proposed agenda contains Form I-213s from Defendants' January productions, warrantless arrests for the period of November 25, 2025 to December 31, 2025.[1] The documents reflect uniform disregard of this Court's order. Exhibit B contains Form I-213s from Defendants' February production (made on Feb. 10), which was supposed to cover 1/3 of the warrantless arrests in January, and continues to reflect uniform disregard of this Court's order.[2]

In both sets, not a single Form I-213 complied with the documentation requirements in this Court's order. With one possible exception, the documents do not include "the specific, articulable facts supporting the conclusion that the person was likely to escape before a warrant could be obtained." ECF 49 at 62. And the facts of the arrests – as reflected in the documents themselves, and confirmed by class counsel's independent investigation – demonstrate that Defendants' officers are continuing NOT to evaluate probable cause of flight risk, as required by law and this Court's order. Moreover,

---

[1] Defendants produced additional Form I-213s during its initial January production, but then claimed for certain of those arrests that "there *may have been* a warrant issued before the arrest was made" for those arrests. Plaintiffs requested that Defendants confirm whether these were in fact warrantless arrests or to produce the applicable administrative warrants. Defendants declined to do either.

[2] Plaintiffs have filed all the Form I-213s under Level 1 restriction because Defendants have designated them confidential under the governing protective order, ECF No. 22-1, ¶ 13. On January 26, 2026, Plaintiffs informed Defendants that they opposed the wholesale designations of all the Form I-213s as confidential, and stated that only personally identifying information should be designated as confidential. Plaintiffs also produced to Defendants partially redacted versions of the forms for proposed public filing or usage. Defendants are considering those redactions.

none of the Form I-213s included documentation "that the person was arrested without a warrant" and none included a description of "the person's ties to the community, if known at the time of the arrest, including family, home, or employment." *Id.* Other Form I-213s Plaintiffs have reviewed documenting arrests since entry of the PI reflect these same patterns.

Plaintiffs began conferring with Defendants on February 3, 2026, about these widespread violations of the Court's order, and informed Defendants that it was necessary for Plaintiffs to seek further relief from the Court to enforce the PI. On February 5, 2026, Plaintiffs informed Defendants that they would ask the Court to hold an evidentiary hearing about Defendants' non-compliance, and that Plaintiffs anticipated calling ICE official Greg Davies, who testified at the prior PI hearing, and ICE agents involved in making warrantless arrests since the Court's order. Plaintiffs also specified to Defendants the relief they would seek from the Court for the ongoing violations of the PI.

On February 10, 2026, Defendants produced the second tranche of Form I-213s (Ex. B). These Form I-213s were concerning for at least two reasons: first, because they continued to show uniform violation of the Court's PI order; and second, because the number of Form I-213s had dropped dramatically (from 20 in the prior period to 5 for January), even though there does not appear to be a material reduction in ICE arrests across Colorado in the last month. Based both on communications with class members and then confirmed in conversations with Defendants' counsel, Plaintiffs learned that Defendants have started procuring ICE administrative warrants *after* they have detained so-called "collaterals" in Colorado (at least some of the time) and that Defendants claim

that they therefore do not have to conduct any type of flight risk analysis. Defendants also have refused to provide class counsel with the Form I-213s or warrants for these arrests, even though the facts indicate that the individuals were already arrested at the time the warrants were procured.

Accordingly, Plaintiffs propose an evidentiary hearing, at the Court's earliest convenience, to ascertain the extent of Defendants' noncompliance and to understand what further relief is necessary to enforce the Court's order, and prevent continued violations of class members' rights and the irreparable harms being wrought against them, their families, and communities across our state. Plaintiffs have informed Defendants that they would likely ask the Court to impose at least the following relief:

1. Items #5 ("Defendants shall ensure that all officers authorized to execute immigration arrests in this District are trained on the requirements of this Order") and #6 ("Within ninety (90) days of this Order, and every thirty (30) days thereafter until all immigration officers who are charged with making warrantless arrests in this District have been so trained, Defendants SHALL serve to Plaintiffs' counsel documentation showing that they are completing training of immigration officers who have performed, or will perform, operations in this District, on the requirements articulated above.") in Plaintiffs' prior proposed PI order (ECF 13-1), requests the Court stated Plaintiffs could renew "should compliance with the Order prove elusive," ECF 49 at 63,

2. Providing class counsel with the training materials and communications that ICE has used to ensure compliance with the Court's order and the law to date,

3. Providing class counsel with any new training materials and communications that ICE plans to use going forward to ensure compliance with the Court's order and the law,
4. Providing class counsel with certification of who has been trained on the warrantless arrest requirements in Colorado and when, and updating that information on a periodic basis,
5. Providing lass counsel with all of the Form I-213s for arrests that have happened in Colorado since the injunction and every 30 days on a going-forward basis, including (a) arrests that Defendants acknowledge are warrantless; (b) arrests in which the government claims they obtained the warrant after the encounter began and (c) arrests that the government claims were pursuant to warrant but the facts indicate that it was not a targeted arrest. These last two categories are important because class counsel has talked to many individuals where the facts demonstrate a random stop where the officers did not appear to know the identity of the individual arrested, and yet Defendants claim the arrest was pursuant to a warrant. Plaintiffs are also requesting the administrative warrants and the Notices to Appear (NTA) for those in category (b) and (c).
6. Require disclosure and documentation in the Form I-213s of the process regarding when and how administrative warrants have been obtained after an encounter with an individual for whom there was no warrant at the time of the initial detention,

7. A finding that defendants violated the Court's order on a widespread basis across the state since Nov. 25, 2025, and

8. Fees/costs associated with enforcing the court's PI order.

**2. Schedule for the Case**

The court instructed the parties to meet and confer in order to agree upon a schedule for the case. ECF No. 49 at 65. The parties have been conferring on a proposed schedule for the last 6 weeks. While the parties' positions initially were not too far apart, Defendants recently informed Plaintiffs that they do not believe that any discovery is appropriate at this time and that there is no discovery schedule to which they would agree. Therefore, further conferral would not be productive. Plaintiffs provided a reasonable case schedule to Defendants on January 27, 2026, attached as Exhibit C. Plaintiffs request that the Court set a schedule consistent with the schedule they proposed so that they may proceed with the prosecution of this case.

                Respectfully submitted,

DATED: February 17, 2026

*/s/ Timothy R. Macdonald*
Timothy R. Macdonald, Bar No. 29180
Annie Kurtz, Bar No. 51525
Emma McLean Riggs, Bar No. 51370
Sara Neel, Bar No. 36904
Scott Medlock, Bar No. 57210
American Civil Liberties Union of Colorado
303 E. 17th Avenue, Suite 350
Denver, CO 80203
Telephone: (303) 777-5482
tmacdonald@aclu-co.org

akurtz@aclu-co.org
emcleanriggs@aclu-co.org
sneel@aclu-co.org
smedlock@aclu-co.org

Kenzo Kawanabe, Bar No. 28697
Sean Grimsley, Bar No. 36422
Bianca Miyata, Bar No. 42012
Olson Grimsley Kawanabe Hinchcliff & Murray LLC
700 17th Street, Suite 1600
Denver, CO 80202
Telephone: (303) 535-9151
kkawanabe@olsongrimsley.com
sgrimsley@olsongrimsley.com
bmiyata@olsongrimsley.com

Hans Meyer, Bar No. 37812
Meyer Law Office
1547 Gaylord Street
Denver, CO 80206
Telephone: (303) 831-0817
hans@themeyerlawoffice.com

*Attorneys for Plaintiffs*