**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03183-RBJ

REFUGIO RAMIREZ OVANDO, et al.,

      Plaintiffs,

    v.

KRISTI NOEM, et al.,

      Defendants.

---

**PLAINTIFFS' POST-EVIDENTIARY HEARING SUPPLEMENT TO THEIR MOTION
TO ENFORCE PRELIMINARY INJUNCTION (ECF 82)**

---

Plaintiffs filed a Motion to Enforce Preliminary Injunction and Brief in Support on March 4, 2026 (ECF 82), identifying twelve (12) requests for relief that they requested based on Defendants' violations of this Court's November 25, 2025, preliminary injunction (ECF 49) ("PI"). On March 10 and 11, 2026, the Court heard testimony from four (4) ICE witnesses, arguments from counsel, and received exhibits, in addition to those exhibits attached to Plaintiffs' Motion to Enforce. Plaintiffs respectively submit this supplement to modify two of those requests for relief – Requests 7 and 9 from their Motion to Enforce – and add one more request, based on the evidence adduced at the hearing.

Request 7 in Plaintiffs Motion to Enforce requested:

7. An order requiring Defendants to provide class counsel, within 30 days of the order, all of the Form I-213s and the associated administrative warrants and notices to appear, if any exist, for the following arrests that have happened in Colorado since the PI, in separately identified productions: (a) arrests that were warrantless, (b) arrests in which the government claims they obtained a warrant after the encounter began; and (c) arrests for which

-1-

> Plaintiffs have requested documentation based on a good-faith basis to believe the arrest was not a targeted arrest. For arrests in categories (a) and (b), Defendants should also produce those documents on the 10th of the following month on a going forward basis; for arrests in category (c), Defendants must produce those documents to Plaintiffs' counsel within 4 business days of a request.

Plaintiffs believe that this request is supported by the evidence and should be granted, but will not be sufficient, on its own, to allow Plaintiffs or this Court to evaluate Defendants' compliance with the Court's Order, and in particular arrests in which the government claims they obtained a warrant after the encounter began (so-called "field warrants").  For that reason, in addition to the relief in Request 7, Plaintiffs also ask the Court to issue the relief requested in the following request (7a):

> 7a. An Order that for each I-213 in category (b) and (c) [from Request 7], Defendants must produce the communications and records reflecting how, when, and why such warrant was obtained, requested, or created, including but not limited to call logs, emails, and text messages.

Without these records, neither Plaintiffs nor the Court will be able to evaluate compliance with the Court's Order.  Without these records, Plaintiffs will be left at the mercy of Defendants' arguing, as they did at the hearing, that Defendants' agents "must have" obtained a warrant before any arrest. The records reflected in (7a) above would allow Plaintiffs to confirm or contest those assertions. As discussed at the hearing, without these records (and those identified below), Defendants would have the ability to eviscerate the statutory requirement in section 1357(a)(2) and this Court's Order by obtaining field warrants after an actual detention and arrest.

A modification in Request 9 from Plaintiffs Motion to Enforce is necessary for some

-2-

of the same reasons. Request 9 in Plaintiffs Motion to Enforce requested:

9. An order requiring Defendants to document in Form I-213s the process regarding when and how administrative warrants have been obtained after an encounter with an individual for whom there was no warrant at the time of the initial encounter.

Plaintiffs believe that this request is supported by the evidence and should be granted, but will not be sufficient to allow Plaintiffs or this Court to evaluate whether arrests comply with this Court's Order (even with the modification identified in 7a above). For that reason, Plaintiffs ask the Court to also issue, as part of the relief for Request 9, the following Request (9a):

9a. An order that Defendants document the following information in the narrative section of all Form I-213s for arrests in Colorado:

- The time the encounter began.
- The time of the arrest.
- Identification of the officer(s) who authored the narrative section of the I-213.
- Whether the arresting officer obtained a warrant or whether the arrest was warrantless.
- If the arresting officer obtained a warrant:
  - The time the arresting officer requested the warrant,
  - The time the warrant was issued,
  - The time the warrant was served, and
  - A description of how the warrant was obtained, including the medium of communication between the officers involved in the warrant (e.g., phone, text, email, etc.), the name and title of the officer who requested the warrant, the name and title of the officer who issued the warrant, and the name and title of the officer who served the warrant.

Plaintiffs also request one further item of relief, the following Request 13:

13. An order that Form I-200s issued after the date of the Court's order on the Motion to Enforce include the date, time, and place it was signed by the issuing officer, and the date, time and place it was signed by the service officer.

-3-

This request is necessary because of Defendants' suggestion, at the hearing, that there may have been warrants "in the file" for people that Plaintiffs believe were subjected to a warrantless arrest. It is also necessary to give Plaintiffs the opportunity to confirm or contest instances where Defendants claim they obtained a field warrant.

Plaintiffs respectfully request that the Court grant this further relief, in addition to that identified in its motion to enforce, to preserve the rights that the preliminary injunction sought to protect.

Respectfully submitted,

DATED: March 13, 2026

/s/ Timothy R. Macdonald
Timothy R. Macdonald, Bar No. 29180
Annie Kurtz, Bar No. 51525
Emma Mclean-Riggs, Bar No. 51370
Sara Neel, Bar No. 36904
Scott Medlock, Bar No. 57210
ACLU of Colorado
303 E. 17th Avenue, Suite 350
Denver, CO 80203
Telephone: (303) 777-5482
tmacdonald@aclu-co.org

*Attorneys for Plaintiffs*