# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03183-RBJ

REFUGIO RAMIREZ OVANDO, et al.,

    Plaintiffs,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, et al.,

    Defendants.

---

## MOTION FOR RECONSIDERATION

---

Defendants move for reconsideration as to three issues addressed in the Court's May 12, 2026, Order. *See* ECF No. 112 (the "May 12 Order").[1]

First, by its terms, the May 12 Order applies to immigration officers serving "the responsibility area of the Denver Field Office." *Id.* at 58. But this would include immigration officers serving in Wyoming, which is outside the scope of this case. There is good cause to modify the Order to reflect that it only applies to immigration officers hired to serve in Colorado.

Second, the May 12 Order obligates Defendants to produce to Plaintiffs' counsel, in addition to other materials, Notices to Appear (NTAs), which initiate removal proceedings. There is good cause to modify the Order to eliminate this requirement. This case is about the effectuation of warrantless arrests by U.S. Immigration and Customs Enforcement (ICE). Plaintiffs presented no evidence or argument at the hearing or in their briefs to show that

---

[1] Pursuant to D.C.COLO.LCivR 7.1(a), counsel for the parties conferred on June 9, 2026, via video teleconferencing. Through conferral, counsel for Plaintiffs stated that they oppose all the relief requested in this Motion.

production of NTAs is needed to confirm Defendants' compliance with the Preliminary Injunction (PI). There is good cause to modify the May 12 Order to eliminate the requirement to produce NTAs should thus be stricken.

Finally, the Court should amend its May 12 Order to the extent that it awarded fees and costs. Plaintiffs did not seek fees and costs in accordance with the applicable procedural and substantive rules. Although the Court stated that Defendants waived objection to that award, Defendants did not (and could not) waive that objection. And any award at this juncture would be premature and error under the plain terms of several applicable rules. The Court should instead address Plaintiffs' entitlement to fees and costs in considering a motion for such fees and costs that complies with applicable procedural and substantive rules.

## LEGAL STANDARD

"[W]here a party files a motion for reconsideration prior to the entry of judgment, Rules 59(e) and 60(b) do not apply. Instead, the motion falls within a court's plenary power to revisit and amend interlocutory orders as justice requires." *Mcwhinney Holding Co., LLLP v. Poag*, No. 17-cv-02853-RBJ, 2019 WL 9467529, at *1 (D. Colo. Dec. 6, 2019) (Jackson, J.) (citations omitted).

A motion to reconsider may be granted under certain conditions including (1) an intervening change in law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *See Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Lyons v. New Mexico Dep't of Corrections*, 12 F. App'x 772, 773 (10th Cir. 2001) (citation omitted).

2

**ARGUMENT**

**I.      The Order should only apply to immigration officers in Colorado.**

In its May 12 Order, the Court ordered that "immigration officers who are hired after the date of this Order to serve the responsibility area of the Denver Field Office SHALL NOT make warrantless arrests unless and until they have received the compliant training." ECF No. 112 at 58. But this case only concerns warrantless arrest practices by immigration officers in the State of Colorado. *See, e.g.*, ECF No. 49 at 59 (certifying a class of individuals "who have been arrested or will be arrested in this District"); ECF No. 112 at 1 (explaining that the Court issued a PI "enjoining [ICE] from effecting warrantless arrests in the District of Colorado" absent a proper likelihood of escape determination).

But the "responsibility area of the Denver Field Office" includes both Colorado *and* Wyoming. *See* ECF No. 47 at 112:7-11 (stating the Denver Field Office enforces "the immigration law within the State of Colorado and Wyoming"); ECF No. 103 at 216:21-24 (stating the Denver Field Office has officers in Colorado and Wyoming). Thus, this portion of the Court's May 12 Order is overbroad to the extent that it addresses conduct in Wyoming. The May 12 Order should, therefore, be revised as follows to reflect that it only applies to immigration officers hired to serve in the District of Colorado: "Immigration officers who are hired by DHS to serve *in the District of Colorado* after the date of this Order may not make warrantless arrests unless and until they have received the compliant training."

**II.     Defendants should not be obligated to produce NTAs.**

The Court's May 12 Order requires Defendants to produce to Plaintiffs' counsel not only warrants and I-213s for certain arrests, but also NTAs. *See* ECF No. 112 at 59. The Court should

strike this obligation because the record does not support a finding that NTAs are relevant to enforcement of the PI.

NTAs are charging documents that initiate removal proceedings. *See* 8 U.S.C. § 1229(a) ("Notice to Appear"). They can be issued before or after arrest and are required to be presented to the immigration court in order to begin removal proceedings. They are not necessarily generated in connection with arrests. And as relevant here, they do not affect the legality of a warrantless arrest under 8 U.S.C. § 1357(a)(2) or under the corresponding regulatory provision, 8 C.F.R. § 287.8(c)(2)(ii). Whether a warrantless arrest complies with 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii) does not turn on whether NTAs have been issued. In fact, if, after an arrest, ICE determines that the individual is actually present in the United States legally, the individual will not receive an NTA because they are not statutorily removable from the United States. *See* ECF No. 47 at 370:11-19.

NTAs are thus not relevant to the enforcement of the PI, which concerns whether warrantless arrest practices in Colorado comply with those provisions. Plaintiffs made no showing—in their Motion to Enforce or at the hearing—that NTAs are relevant to those provisions. In their Motion, Plaintiffs simply stated that "[c]onsistent with the additional relief granted in *Nava*, Plaintiffs also request the Form I-213 and any administrative warrant and notice to appear for arrests in the district where the government admits no warrant had been obtained before the encounter and upon Plaintiffs' request." ECF No. 79 at 11. But Plaintiffs have never explained how the production of NTAs is needed to ensure compliance with the Court's PI.

In *Castanon Nava*, NTAs were arguably relevant because, there, the plaintiffs advanced an additional argument—that field warrants issued without a prior or concurrent NTA are not

4

valid. *See Castanon Nava v. Dep't of Homeland Sec.*, 806 F. Supp. 3d 823, 847 (N.D. Ill. 2025), *aff'd in part*, 175 F.4th 828 (7th Cir. 2026). Here, however, the Court expressly found that it "has no occasion to decide that issue." ECF No. 112 at 48. Because that issue is not presented in this case, producing NTAs to Plaintiffs' counsel will not assist in PI compliance efforts.

In its Order, the Court stated that producing additional I-213s should not be burdensome because ICE maintains those documents at the Denver Field Office. ECF No. 112 at 51. But the testimony by Assistant Field Office Director Greg Davies cited by the Court only contemplated I-213s and arrest warrants. *Id.* (citing ECF No. 103 at 193:16-24, 205:23-206:1). Mr. Davies did not testify regarding the location or ease of production of NTAs.

In short, while warrants and I-213s relate to the arrests of individuals, NTAs relate to the initiation of removal proceedings. Plaintiffs do not challenge the initiation of removal proceedings, and the validity of field warrants issued without a corresponding NTA is not before the Court. Therefore, Defendants should not be obligated to produce NTAs to Plaintiffs.

## III.    The Court should not have awarded fees and costs.

At the end of its May 12 Order, the Court stated that Defendants had waived an objection to an award of fees and costs to Plaintiffs and that an award of fees was justified in light of the substantial evidence of violations of the PI. *See* ECF No. 112 at 57-58.

The Court should not have awarded fees and costs for three reasons. First, Defendants cannot waive the issue of Plaintiffs' entitlement to fees and costs as that issue is jurisdictional, implicating the federal government's sovereign immunity. The federal government did not waive that issue in any event. Second, an award of fees and costs against the federal government is also premature at this juncture in the litigation. Finally, Plaintiffs' entitlement to fees and costs should

be addressed via a separate motion filed under applicable procedural and substantive rules. Each of those reasons independently justifies an amendment of the Court's Order awarding fees and costs.

**A.      Defendants cannot waive the issue of Plaintiffs' entitlement to legal fees and costs, and, in any event, they did not do so.**

While the Court concluded that Defendants waived any objection to Plaintiffs' entitlement to fees and costs, Defendants did not waive an objection to Plaintiffs' entitlement to fees and costs. And Defendants have also not waived that objection because they cannot do so— an award of attorneys' fees/costs as to the federal government implicates the jurisdictional issue of sovereign immunity, which cannot be waived.

*First*, given the cursory nature of Plaintiffs' request for fees and costs in their Motion to Enforce, Defendants sufficiently preserved an objection to that request.

In their Motion to Enforce, Plaintiffs had the burden to demonstrate entitlement to fees and costs. A party moving for relief from the Court must "state under which rule or statute" its motion "is filed," and that request must "be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). And, more specifically here, a party requesting fees or costs has the burden of establishing entitlement to an award of fees and costs. *See F.T.C. v. Freecom Commc'ns, Inc.*, 401 F.3d 1192, 1200 (10th Cir. 2005) ("A prevailing party has the initial burden of establishing entitlement to attorney fees under 28 U.S.C. § 2412(b)."); *Jackson v. Diversified Collection Servs., Inc.*, 485 F. App'x 311, 313 (10th Cir. 2012) ("A party seeking attorney's fees and costs has the burden of proof as to entitlement."). And the relevant statute, the Equal Access to Justice Act (EAJA), expressly imposes several burdens on a plaintiff seeking fees, requiring that the party "shall" show that the party is a prevailing party, is eligible to receive an award

including an itemized statement, and "shall also allege that the position of the United States was not substantially justified," among other things. 28 U.S.C. § 2412(d)(1)(B).

Here, Plaintiffs did none of those things to meet their burden. Plaintiffs' Motion to Enforce made their request for fees and costs in a single line: "Plaintiffs seek at least the following relief … [f]ees/costs associated with enforcing the court's PI order." ECF No. 83 at 8. Their Motion contained no legal argument or citation to any legal authority establishing an entitlement to fees or costs.

Defendants' Response thus addressed Plaintiffs' request for fees and costs by stating simply—and correctly—that "Plaintiffs have not shown that they are entitled to the relief they seek." ECF No. 90 at 15. Given that Plaintiffs provided no legal authority to meet their burden to establish entitlement to fees and costs, Defendant's response was sufficient. Defendants, therefore, preserved an objection to Plaintiffs' request for fees and costs.

*Second*, Defendants could not waive an objection to attorneys' fees and costs here because the Court could only grant fees and costs consistent with the limited waiver of sovereign immunity.

The federal government is immune from claims for attorneys' fees and costs unless it has waived its sovereign immunity. "Except to the extent it has waived its immunity, the Government is immune from claims for attorney's fees." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983). That is, "[u]nless waived, sovereign immunity generally shields the Government, including agencies and officers in their official capacity, from suit. This includes shielding the Government from claims for attorneys' fees." *Daley v. Ceja*, 158 F.4th 1152, 1156 (10th Cir. 2025) (citation omitted); *see also In re Graham*, 981 F.2d 1135, 1138-39 (10th Cir.

1992) ("[S]overeign immunity is the potential obstacle to an award of attorney's fees against the government."). Here, the waiver of sovereign immunity limits any award of fees and costs against the federal government. As a result, Defendants are immune from Plaintiffs' request for attorney's fees and costs "[u]nless the United States has waived its sovereign immunity." *Adamson v. Bowen,* 855 F.2d 668, 670 (10th Cir. 1988).[2]

Whether the federal government has waived its sovereign immunity for attorneys' fees/costs is a jurisdictional question that cannot be waived. "The question of whether sovereign immunity exists 'is jurisdictional in nature.'" *Ortiz v. U.S. ex rel. Evans Army Cmty. Hosp.*, 786 F.3d 817, 820 (10th Cir. 2015) (quoting *FDIC v. Meyer,* 510 U.S. 471, 475 (1994)). Because the existence of sovereign immunity is a jurisdictional issue, it cannot be waived. *See Barnes v. Harris*, 783 F.3d 1185, 1189 (10th Cir. 2015) ("Subject-matter jurisdiction may be raised at any time and cannot be waived."); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("[L]ack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.").

Because only Congress can waive the federal government's sovereign immunity, *see High Lonesome Ranch, LLC v. Bd. of Cnty. Commissioners*, 61 F.4th 1225, 1237 (10th Cir. 2023) ("The United States is immune from suit unless Congress has expressly waived its

---

[2] Sovereign immunity prevents a court from relying on its inherent authority to award fees and costs. *See Coastal Env't Grp., Inc. v. United States*, 118 Fed. Cl. 15, 30 (2014) ("[C]ourts are prohibited from using their inherent power to impose monetary sanctions. This prohibition is derived from the United States' sovereign immunity."); *United States v. Horn*, 29 F.3d 754, 767 (1st Cir. 1994) (rejecting argument that the court has inherent authority to order the government to pay fees based on sovereign immunity and reasoning that "there is nothing sacrosanct about the courts' power to impose sanctions"); *United States v. Carter*, No. 16-20032-02-JAR, 2020 WL 430739, at *4 (D. Kan. Jan. 28, 2020) ("[M]onetary sanctions imposed under the Court's inherent authority against the Government are barred by the doctrine of sovereign immunity.").

sovereign immunity."), individual federal officers cannot waive the government's immunity from fees and costs, *see Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) ("[L]ack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.").

In short, Defendants did not waive an objection to an award of fees and costs to Plaintiffs. They correctly stated that Plaintiffs had not met their burden to show an entitlement to such fees—which Plaintiffs, in fact, had not done. And in any event, the Court cannot award fees and costs by relying on a purported waiver by an individual federal officer; it can award fees and costs only pursuant to the terms of a waiver of sovereign immunity enacted by Congress.

### B.      Plaintiffs' request for fees and costs is premature.

Even assuming a waiver to Plaintiffs' request for fees and costs had occurred, that request was not yet appropriate for judicial resolution for two reasons. Plaintiffs may request an award of fees/costs under EAJA, but that request cannot be made related to a preliminary injunction or before a final judgment.

*First*, EAJA requires that a party show that it is a "prevailing party" to be entitled to legal fees, 28 U.S.C. § 2412(d)(1)(B), but the fact that the Court here has issued a preliminary injunction does not make Plaintiffs a prevailing party at this stage.

In *Lackey v. Stinne*, the Supreme Court held that a party does not become a "prevailing party" under 42 U.S.C. § 1988 by obtaining a preliminary injunction. 604 U.S. 192 (2025). There, the Court addressed the question of whether the plaintiffs were entitled to attorneys' fees where they had successfully obtained a preliminary injunction but no final judgment on the merits had been rendered in their favor. The Court observed that that "[a] prevailing party ... is

'[t]he party ultimately prevailing when the matter is finally set at rest.'" *Id.* at 200 (citation omitted). The Court then determined that a preliminary injunction "do[es] not conclusively resolve legal disputes" because it may be issued based on simply a likelihood of success on the merits (and other factors besides likelihood of success on the merits are considered). *Id.* Instead, "[a] plaintiff who secures a preliminary injunction has achieved only temporary success at an intermediary stage." *Id.* at 201. (citation and quotation marks omitted). Ultimately, the *Lackey* Court concluded that "[a] preliminary injunction, which temporarily preserves the parties' litigating positions based in part on a prediction of the likelihood of success on the merits, does not render a plaintiff a "prevailing party." *Id.* at 207.

Since *Lackey*, federal courts throughout the country have concluded that *Lackey*'s reasoning applies with equal force in the EAJA context, which, as noted above, also permits awards only to a "prevailing party." 28 U.S.C. § 2412(d)(1)(B). For example, applying *Lackey*, the Sixth Circuit recently affirmed a district court's denial of an EAJA award after a plaintiff obtained a preliminary injunction. *See Holman v. Rollins*, No. 23-5493, 2026 WL 384150, at *1-2 (6th Cir. Feb. 11, 2026). As the Sixth Circuit explained, "*Lackey* fully resolves [the plaintiff's] appeal" because the preliminary injunction "did not 'conclusively resolve the rights of the parties on the merits.'" *Id.* at *2 (quoting *Lackey*, 604 U.S. at 201). Several other courts have reached the same conclusion. *See, e.g.*, *De La Cruz v. Noem*, No. 25-cv-150-LTS, 2025 WL 3110876, at *7 (N.D. Iowa Oct. 20, 2025) (denying a party's request for fees and costs because the party was "not yet the prevailing party" even though a preliminary injunction had been entered); *see also Ramos v. Nielsen*, No. 18-cv-01554-EMC, 2025 WL 1953463, at *7 (N.D. Cal. July 16, 2025) (concluding that the entry of stipulated order, even if like a consent decree, did allow for an

award of fees under *Lackey*).

Under the Supreme Court's reasoning in *Lackey* and the reasoning of other courts applying *Lackey* to EAJA, Plaintiffs request for fees and costs is premature. While they have obtained a preliminary injunction and sought to enforce that preliminary injunction, they are not yet the prevailing party. As of now, Plaintiffs have secured "only temporary success at an intermediary stage of the suit." *Lackey*, 604 U.S. at 201. Indeed, given that the Court's entry of a preliminary injunction is currently on appeal in the Tenth Circuit, *see* ECF No. 56 (Notice of Appeal),[3] "[i]t cannot yet be said that [plaintiffs] will ultimately prevail when the matter is finally set to rest or that [plaintiffs] will have successfully maintained [their] claim at the end." *Lackey*, 604 U.S. at 201. Thus, Plaintiffs' request for fees and costs in their Motion to Enforce is premature.

*Second*, even if Plaintiffs' request for fees and costs were not premature under that binding Supreme Court precedent, it is also premature under the applicable waiver of sovereign immunity. Under EAJA, a claimant seeking attorney's fees can only make that request "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). And EAJA defines "final judgment" as "a judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G). The 30-day period for seeking fees under EAJA thus starts "*after* the time for taking an appeal from the district court judgment has[s] expired." *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) (emphasis added).

Here, Plaintiffs' request for fees and costs is premature under EAJA. There has been no

---

[3] To the extent the Court's May 12 Order is appealable, the time to appeal has also not yet expired. *See* Fed. R. App. P. 4(a)(1)(B).

entry of judgment, let alone has a judgment become not appealable and thus final under the terms of EAJA. Therefore, the Court should not render a decision about entitlement to fees/costs because the underlying request is not yet appropriate for judicial resolution under federal law.

**C.**     **Whether Plaintiffs are entitled to fees and costs should be addressed under applicable procedural and substantive rules via a separate motion.**

While Plaintiffs made a request for fees and costs in their Motion to Enforce, the Court should resolve their entitlement to fees and costs via a separate motion pursuant to the Federal Rules of Civil Procedure, the District of Colorado's Local Rules, and applicable substantive law. As explained below, Plaintiffs' request for fees failed to comply with the rules that apply to such requests. And although Plaintiffs have now filed a Motion for Attorneys' Fees, *see* ECF No. 113, that motion relies on this Court's Order determining that Plaintiffs had requested fees and Defendants waived the issue. The Court should thus modify its order to require Plaintiffs to comply with the below rules, including requiring a showing of current entitlement to fees/costs.

*First*, as required by the Federal Rules of Civil Procedure and the District of Colorado's Local Rules, Plaintiffs would be required to first file a motion for attorneys' fees to demonstrate their entitlement to any attorneys' fees.

Federal Rule of Civil Procedure 54(d)(2)(A) requires that a request for fees be made by a motion. *See* Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."). Combined with Rule 54, the District of Colorado's Local Rules contemplate that a request for fees and costs be addressed in a separate motion. That is, D.C.COLO.LCivR 7.1(d) provides that all motions be filed via a separate filing: "A motion shall be filed as a separate document." As one court in this district has succinctly put it, "[p]lacing a

12

request for attorneys' fees in a court document 'is tantamount to filing a motion' for attorneys' fees. However, this District's Local Rules state that '[a] motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document.'" *EEOC v. Chris the Crazy Trader, Inc.*, No. 21-cv-02666-NYW-SKC, 2023 WL 4237086, at *7 (D. Colo. June 28, 2023) (citation omitted) (second alteration in original).

Courts in this district have thus applied D.C.COLO.LCivR 7.1(d) to situations, like here, where a party requests fees and costs with substantive relief and have required parties to file a separate motion to determine entitlement to fees/costs. *See, e.g.*, *Viruel Arias v. Choate*, No. 22-cv-02238-CNS, 2022 WL 4467245, at *5 (D. Colo. Sept. 26, 2022) (granting substantive relief but requiring a separate motion for attorneys' fees under D.C.COLO.LCivR 7.1(d)); *Sheikh v. Choate*, No. 22-cv-01627-RMR, 2022 WL 17075894, at *5 (D. Colo. July 27, 2022) (same).

Indeed, this Court has regularly required a separate motion before determining a party's entitlement to fees/costs. *See, e.g.*, *Velazquez de Leon v. Baltazar*, No. 25-cv-03805-RBJ, 2025 WL 4474700, at *3 n.5 (D. Colo. Dec. 22, 2025) (Jackson, J.) ("To the extent petitioner seeks attorney's fees, he is directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules." (citation omitted)); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 n.8 (D. Colo. Oct. 31, 2025) (Jackson, J.) (same); *Brink v. Bank of America*, No. 19-cv-03041-RBJ, 2020 WL 2769761, at *5 (D. Colo. May 28, 2020) (Jackson, J.) ("I agree that plaintiffs should file a separate motion for an award of attorney's fees and costs. Counsel should first confer, either by telephone or in person, and attempt in good faith to resolve both plaintiffs' entitlement to an award and the reasonable amount.").

As in those cases, Plaintiffs should first be required to file a separate motion for their

requested fees and costs.

*Second*, in addition to requiring a separate motion, the Court should first require Plaintiffs' compliance with District of Colorado's Local Rules regarding fees' requests. As an initial matter, those Local Rules contemplate a separate "a motion for attorney fees." D.C.COLO.LCivR 54.3(a). That motion must be "be supported by affidavit." *Id.* In that motion, Plaintiffs need to include detailed information "for each person" claiming fees: "(1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed." D.C.COLO.LCivR 54.3(b). In sum, Plaintiffs should first be required to file a motion presenting their fees request in compliance with D.C.COLO.LCivR 54 before the Court determines Plaintiffs' entitlement to fees.

*Finally*, in their separate motion, Plaintiffs would need to first establish entitlement to fees and costs by showing that the substantive law—EAJA—applicable to awarding attorneys' fees from the federal government justifies an award. Under federal law, a moving party must establish that an award of fees against the federal government is warranted by showing that "the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). The statute requires the party seeking fees to first make that allegation, *see id.*, before it becomes the government's burden to establish substantial justification, *see Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). A court must "determine whether the government's position was substantially justified based on the totality of the circumstances, as reflected in the record before the court." *United States v. Charles Gyurman Land & Cattle Co.*, 836 F.2d 480, 485 (10th Cir. 1987). A position is substantially justified under EAJA only if it has "a reasonable basis both in

law and fact," and is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Simply put, because Plaintiffs must make a substantive showing via a separate motion to establish entitlement to fees and costs as to the federal government, this Court should modify its May 12 Order to vacate its award of fees and costs.

## CONCLUSION

For the above reasons, the Court should grant Defendants' Motion for Reconsideration to state that the Court's May 12 Order (1) applies to only immigration officers hired to serve in Colorado, (2) does not obligate Defendants to produce NTAs to Plaintiffs' counsel, and (3) does not award fees and costs.

Dated: June 9, 2026.

Respectfully submitted,

PETER MCNEILLY
United States Attorney

s/ Nick Deuschle
Logan Brown
*Nick Deuschle*
Assistant United States Attorneys
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: 303-454-0100
Fax: 303-454-0411
logan.brown@usdoj.gov
nick.deuschle@usdoj.gov
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on June 9, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will cause notice to be delivered electronically to all counsel of record.

s/ Nick Deuschle
*Nick Deuschle*
Assistant U.S. Attorney