# Exhibit L

**DECLARATION OF D.B.D.J.**

I, D.B.D.J., declare under penalty of perjury, pursuant to Title 28, Section 1746 of the United States Code that the following is true and correct to the best of my knowledge and belief:

1. My name is D.B.D.J. I am providing this declaration to share what happened the day ICE arrested me.

2. I have been living in the United States for approximately four years. I was working in construction before ICE arrested me. I have family in the United States, including my father and other family.

3. The day ICE arrested me was very scary. I was on my way to work with Francisco and J.D.B., two family members. J.D.B. was driving, Francisco was in the front passenger seat, and I was in the back seat behind J.D.B. We were in Francisco's truck, which is a Ford.

4. We pulled into a 7-Eleven on the way to a construction site. It was about 7am, but probably a little bit before. All three of us went into 7-Eleven to get water for the day and breakfast. I left the 7-Eleven first and got back into the truck in the same spot in the back seat. J.D.B. came next and he got into the driver's seat. Francisco came out last.

5. We were parked facing the front of the 7-Eleven but to the left side of the building. There was a dumpster in front of us so we could not move forward. We also could not drive to the left of us. I don't remember what exactly was there, but it wasn't open parking lot or road. Behind us was open and the entry/exit of the 7-Eleven property. And to the right of us, but several feet away, was where people could pump gas.

6. I saw the moment Francisco got out of the 7-Eleven. J.D.B. started to back the truck up to leave at the same time Francisco left the store for us to get going. J.D.B. was backing up before ICE arrested Francisco. Everything after that happened so quickly. I felt us lightly hit something behind us, saw men surround Francisco and grab him, and heard banging on the windows of our truck.

7. I turned my head to the left and saw a man with a gun pointed at J.D.B. I turned my head a bit more and saw another man at my window. The man pointing the gun had a vest that said ICE on it, but the man banging on my window was dressed in civilian clothes. I did notice that he had a gun on his waist.

8. Both of the men were yelling at us. I do not remember exactly what they were yelling besides open the door. I opened the door and while opening it the man that was banging on my window broke it. The door was then open and the man grabbed the front of my shirt and I put my hands up.

9. The man grabbed my left hand and put it behind my back. He then pulled me down from the front of my shirt and pulled me to the ground. I put my right hand down to blunt the

fall, but the officer grabbed it and pulled it behind my back too. I felt a lot of pain in that moment in my right hand.

10. I also quickly thereafter felt a lot of pain in my head and face because I fell to the pavement and hit my head. I then felt the man's hand either on my neck, back of my shirt, or my hair – I honestly do not remember exactly where he had me, but he slammed my face on the pavement three times after he pulled me down.

11. He then pulled me up and there was blood streaming down my face. My hands were handcuffed behind my back in metal cuffs. He walked me to one of their unmarked cars. He moved my handcuffs to the front and attached them to a chain that he put around my waist. He also chained my feet. I was in the car bleeding from my face. There was so much blood that I could not see out of my right eye and my right hand hurt a lot. It was then that they asked me their first question. They only asked me my name and birthdate; I gave them my true and correct name and birth date.

12. They then drove me to another location about a minute away. They still had not asked me any questions except for my name and birthdate. They also had yet to identify who they were. I figured they were ICE, but they had not even told me that.

13. After driving me bloodied, injured, and chained to another location they asked me to confirm my name and whether I wanted medical attention. I confirmed my name and said I wanted medical attention. I was still seated in their car, chained, and handcuffed when they asked me whether I wanted medical attention. They did not give me anything to wipe my face or do anything to help me. They just asked me those two questions, closed the door of the car, left me inside, and walked away.

14. Eventually the ambulance arrived and took me to the hospital. They took off the chains but kept my hands handcuffed in front when entering the hospital. Two or three officers followed me at all times and a nurse brought me to a room where I was given a bed. I laid down in the bed and ICE handcuffed my left hand to the bed. Two officers stayed in the room with me and another was standing by the door.

15. While I was in the hospital room a woman came to my room and tried to talk to me. She said she was a friend and knew my name. I did not know her, but as soon as she started talking to me ICE took her away. After she left, ICE asked me how someone knew I was there. They said nobody was supposed to know where I was. They said because that woman tried to talk to me that they were not giving me a phone call.

16. I left the hospital a few hours later. I was told that my right wrist near my thumb was broken and that I had cuts on my face and right hand. I did not receive any paperwork because ICE took it all. ICE then only gave me Tylenol for the pain. To be clear, I did not have a broken wrist and cuts on my face and hand before ICE arrested me. I also now have some pain in my back when I get up.

17. ICE took me to GEO. It was at GEO where I was first asked questions about my life like who my family is, whether I worked, and other personal things like that. ICE did not ask me any of those questions until I arrived at GEO.

18. My right eye was swollen shut for about three days and is still a bit swollen and bruised over a week later. My wrist and arm hurt all the time, usually at a scale of 5 out of 10. I have a laceration on my right hand too. My right hand and arm is in a soft cast. The bruising and cuts on my face are healing, but it is taking time. I also have back pain when I get up that I did not experience before.

19. This declaration was read to me in Spanish, the language I speak and understand best. The contents of this declaration are true and accurate to the best of my recollection. I also understand that I signed this affidavit using /s/ to confirm the declaration's contents.

20. Thank you for considering my statement.

I, D.B.D.J., declare under penalty of perjury, pursuant to Title 28, Section 1746 of the United States Code that the foregoing is true and correct to the best of my knowledge and belief:

__/s/ D.B.D.J. Date: 8/14/2026
D.B.D.J.



P.Ex.L_004



P.Ex.L_005



P.Ex.L_006



P.Ex.L_007

Uploaded on: 08/07/2026 at 12:33:22 PM (Mountain Daylight Time) Base City: AUR

DEPARTMENT OF HOMELAND SECURITY
**NOTICE TO APPEAR**

DOB: [redacted]

Event No: [redacted]

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID: 403225195

File No: [redacted]

In the Matter of:

Respondent: D.B.D.J. [redacted] currently residing at:

3130 Oakland St Aurora, COLORADO 800101502 — (303) 361-6612

(Number, street, city, state and ZIP code) — (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of MEXICO and a citizen of MEXICO;
3. You entered the United States at or near Eagle Pass, TX, on or after January 2022;
4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8CFR 208.30 ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

3130 N OAKLAND ST, AURORA, COLORADO 80010. AURORA IMMIGRATION COURT

*(Complete Address of Immigration Court, including Room Number, if any)*

on August 18, 2026 *(Date)* at 8:30 am *(Time)* to show why you should not be removed from the United States based on the charge(s) set forth above.

D9541 BERDJIS - SDDO

*(Signature and Title of Issuing Officer)*

Date: August 7, 2026

Aurora, CO

*(City and State)*

EOIR — 1 of 3

## Notice to Respondent

**Alien Registration:** This Notice to Appear serves as evidence of your alien registration pursuant to INA § 262. If you are 18 years or older, failure to carry this Notice to Appear, or other evidence of alien registration as provided in 8 C.F.R. § 264.1(b), on your person at all times is a criminal offense pursuant to INA § 264(e), for which you may be subject to a criminal penalty of $5,000 and imprisonment of up to 30 days.

**Notification to the Department of Homeland Security (DHS) of Change of Address:** All aliens aged 14 years or older, and all parents and legal guardians of aliens under the age of 14, must report a change of address to U.S. Citizenship and Immigration Services, a component of DHS, within 10 days of moving, pursuant to INA § 265(a). Failure to notify DHS of your change of address is a criminal offense pursuant to INA § 266(b), for which you may be subject to a criminal penalty of $5,000 and imprisonment of up to 30 days. More information is available online at **https://www.uscis.gov/addresschange.** **This obligation is in addition to your obligation to notify the Immigration Court of your change of address**.

**Representation:** If you choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to INA §§ 240(b)(4)(A) and 292. Unless you request otherwise in writing, no hearing will be scheduled earlier than 10 days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost is provided with this notice.

**Conduct of the hearing:** At your hearing you will be given the opportunity to admit or deny any or all of the allegations in this Notice to Appear, including that you are inadmissible or deportable. You will be advised by the immigration judge of any relief from removal for which you may appear eligible, including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge. At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross-examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at **www.uscis.gov/i-589.** Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to INA § 208(a)(2)(B).

**Notification to the Immigration Court of Change of Address:** You are required to notify the Immigration Court, in writing, of your full mailing address and telephone number (if any). You must also immediately notify the Immigration Court whenever you change your address or telephone number during the course of this proceeding by using Form EOIR-33/IC, Change of Address/Contact Information Form. Notices of hearing will be mailed to this address. If you file a Form EOIR-33/IC with the Immigration Court, you must serve a copy on the ICE Office of the Principal Legal Advisor. If you change your address or telephone number during the course of this proceeding and do not submit Form EOIR-33/IC, the Immigration Court shall not be required to provide you with written notice of your hearing. **This obligation is in addition to your obligation to notify DHS of your change of address.**

**Failure to Appear:** If you fail to attend the hearing at the date, time, and place designated on this notice, or any date, time, or place later directed by the Immigration Court, the immigration judge shall order you removed in your absence upon determining that you were provided written notice and are removable. If you are arrested by ICE after being ordered removed in your absence by the immigration judge pursuant to INA § 240(b)(5), you will be required to pay a minimum fee of $5,000, adjusted for inflation, or a greater amount as established by the Secretary of Homeland Security.

**Mandatory Duty to Depart the United States:** If you become subject to a final order of removal as defined in 8 C.F.R. § 1241.1, you must depart the United States within 90 days of the order. If you do not depart, you may be subject to a civil penalty under INA § 274D(a) of $500 per day, adjusted for inflation, and imprisonment of up to 4 years (or 10 years if you belong to certain specified classes described in INA § 237(a)(1)(E), (2), (3), or (4)). If you are granted voluntary departure, you must comply with the terms of the voluntary departure order. If you fail to voluntarily depart within the time provided, you will be subject to a final order of removal, may be ineligible for certain immigration benefits for a period of 10 years from the date you overstayed the order, and may be subject to a civil penalty from $1,000 to $5,000, adjusted for inflation. For additional information, refer to the order granting voluntary departure, as well as INA § 240B(d).

**Sensitive Locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in INA § 239(e)(1), such action complied with 8 U.S.C. § 1367.

Uploaded on: 08/07/2026 at 12:33:22 PM (Mountain Daylight Time) Base City: AUR

### Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before:

_______________________
*(Signature of Respondent)*

Date: ____________

_______________________
*(Signature and Title of Immigration Officer)*

### Certificate of Service

This Notice To Appear was served on the respondent by me on August 7, 2026, in the following manner and in compliance with section 239(a)(1) of the Act.

☒ in person ☐ by certified mail, returned receipt # ________ requested ☐ by regular mail

☐ Attached is a credible fear worksheet.

☒ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the SPANISH language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

*(Signature of Respondent if Personally Served)*

D. 12252 JACKSON - Deportation Officer
*(Signature and Title of officer)*

### Privacy Act Statement

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.